IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFONSO PERCY PEW | : | |
| | : | CIVIL ACTION |
| v. | : | No. 21-5501 |
| | : | |
| JOHN WETZEL, *et al.* | : | |

**MEMORANDUM**

**SÁNCHEZ, C.J.**                                                                                                          **JANUARY  13, 2022**

Plaintiff Alfonso Percy Pew, a prisoner currently incarcerated at SCI Phoenix, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983.  Pew raises Eighth Amendment constitutional claims based on allegations that prison officials sold a cancer-causing product to inmates at the prison's commissary.  Because Pew has obtained three prior "strikes" pursuant to 28 U.S.C. § 1915(g), the Court will deny Pew leave to proceed *in forma pauperis* (ECF No. 1) and require that he pay the full filing fee if he wishes to continue with his case.

**I.      FACTUAL ALLEGATIONS**

Pew asserts a § 1983 claim against twelve Defendants employed by the Pennsylvania Department of Corrections, some of whom are employed at SCI Phoenix.  He alleges that since September 17, 2020, he has been in "imminent danger" of "contracting cancer" and of "reproductive harm" due to the "forced use" of a product he purchased at the prison commissary. (ECF No. 2 at 7.)[1]  The product, which Pew identifies as "item number 94242," appears to be an "extension cable with a 3.5MM plug and jack." (*Id*. at 10 & 16.)  He states that the cable attaches to headphones and that the headphones are required for inmates who want to use a television, radio, or tablet. (*Id*. at 11.)  The plastic wrapper for the cable contains a warning that

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

"[t]his product contains chemicals known to the State of California to cause cancer and birth defects or other reproductive harm. Wash hands after handling the product." (*Id*. at 22 (emphasis omitted).)[2] Pew alleges that prison officials at SCI Phoenix not only sold this cancer-causing cable to inmates but also concealed the warning by removing the cable from wrapper prior to sale. (*Id.* at 7.) It appears Pew became aware of the wrapper when it was mistakenly left on a cable he purchased on July 23, 2020. (*Id*. at 10.)

Pew argues that Defendants' sale of the cable and concealment of its dangers violated his rights under the Eighth Amendment.[3] He seeks $25,000 in compensatory damages and $50,000 in punitive damages from each Defendant for the "physical [and] psychological injuries" and "trauma" he has suffered. (*Id.* at 15.) Pew also seeks injunctive relief to prohibit future sales of the cable at the commissary. (*Id*. at 7.)

## II. STANDARD OF REVIEW

---

[2] The warning was issued in accordance with "California Proposition 65," a California state law requiring businesses to provide warnings on certain products sold in California. *See* California Office of Environmental Health Hazard Assessment, *About Proposition 65*, available at https://oehha.ca.gov/proposition-65/about-proposition-65 (last accessed Jan. 10, 2022).

[3] The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII; *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Convicted inmates challenging their conditions of confinement bring § 1983 claims under the Eighth Amendment. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010). Such necessities include food, clothing, shelter, medical care and reasonable safety. *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). A prisoner must also establish that the defendants acted with deliberate indifference. *Farmer*, 511 U.S. at 835.

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted). But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse. *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).[4]

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Put more simply, under the PLRA, a prisoner with three prior strikes can obtain *in forma pauperis* status only if he is in imminent danger of serious

---

[4] In particular, the number of meritless claims brought *in forma pauperis* by prisoners grew "astronomically" from the 1970s to the 1990s, *Abdul-Akbar*, 239 F.3d at 312 (quoting 141 Cong. Rec. S14408-01, S14413 (daily ed. Sept. 27, 1995) (statement of Sen. Dole)), and "[p]risoner litigation continues to account for an outsized share of filings in federal district courts." *Jones v. Bock*, 549 U.S. 199, 203 (2007) (internal quotation marks omitted).

physical injury at the time he brings his case to court. Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

### III. DISCUSSION

As noted above, according to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-1725 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

Pew has a history of litigating meritless claims in this District and the Third Circuit. *See Pew v. Cox*, Appeal No. 93-2041 (3d Cir. Mar. 31, 1994) (dismissing appeal as frivolous under 28 U.S.C. § 1915(d));[5] *Pew v. Casner*, Appeal No. 95-7176 (3d Cir. July 31, 1995) (same); *Pew*

---

[5] Under 28 U.S.C. § 1915(d), which was in effect when Pew filed these civil actions and appeals, district courts were authorized to dismiss *in forma pauperis* actions if they were "frivolous or malicious." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (quoting 28 U.S.C. § 1915(d)). Former 28 U.S.C. § 1915(d) is now codified at 28 U.S.C. § 1915(e)(2)(B).

*v. Cox*, Civ. A. No. 93-4128 (E.D. Pa. Aug. 18, 1993) (dismissing complaint as frivolous under 28 U.S.C. § 1915(d)); *Pew v. Clark*, Civ. A. No. 94-4813 (E.D. Pa. Aug. 19, 1994) (same). Each of these cases constitutes a strike for purposes of § 1915(g) because it was dismissed in its entirety as frivolous.[6] It does not matter that some of these actions were dismissed prior to the passage of the PLRA. *See Keener v. Pa. Bd. of Prob. & Parole*, 128 F.3d 143, 144-45 (3d Cir. 1997) ("[D]ismissals for frivolousness prior to the passage of the PLRA are included among [a plaintiff's] three [strikes].").

Moreover, other courts have also treated Pew as a "three-striker." *See Pew v. Extraction Team Members*, Civ. A. No. 16-91, 2016 WL 2958767, at *2 (W.D. Pa. Apr. 25, 2016), *report and recommendation adopted*, 2016 WL 2977303 (W.D. Pa. May 20, 2016) (concluding that Pew had at least three prior strikes under § 1915(g)); *Pew v. Murin*, Civ. A. No. 16-121, 2016 WL 3746365, at *1 (W.D. Pa. June 2, 2016), *report and recommendation adopted*, 2016 WL 3766429 (W.D. Pa. July 8, 2016) (same); *Pew v. Keldie*, Civ. A. No. 16-891, 2016 WL 3031626, at *2 (M.D. Tenn. May 27, 2016) (same). Even the Third Circuit has concluded that Pew as accumulated "three strikes" for purposes of 28 U.S.C. § 1915(g). *See Pew v. L. Harris*, Appeal No. 18-1178 (3d Cir. Mar. 19, 2018) (denying Pew's motion to proceed *in forma pauperis* on appeal because has three strikes and did not show imminent danger); *Pew v. Russ*, Appeal No.

---

[6] It is appropriate for the Court to rely on the docket in determining whether a dismissal constitutes a strike, provided the language is clear. *See Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010) ("Nothing in the PLRA or the caselaw of this or other courts, . . . suggests that courts have an affirmative obligation to examine actual orders of dismissal."); *Thompson v. Drug Enf't Admin.*, 492 F.3d 428, 435 (D.C. Cir. 2007) (counting as strikes cases in which "the courts' finding of frivolousness appeared in the PACER docket report"); *Royal v. Rutherford Police*, Civ. A. No. 11-4862, 2012 WL 1551338, at *3 n.8 (D.N.J. Apr. 27, 2012) (stating that in assessing strikes, "[t]he district court may rely on the relevant docket sheets if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted").

96-7451 (3d Cir. Oct. 22, 1996) (denying motion for leave to proceed in forma pauperis "because at least three of appellant's prior complaints and/or appeals have been dismissed as frivolous").

Accordingly, the Court concludes that the dismissals in the civil actions identified above count as strikes against Pew. Each was filed while Pew was incarcerated, and each was dismissed in its entirety for one of the grounds listed in § 1915(g). Accordingly, Pew may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he brought his Complaint.

"Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). Past dangers are not imminent dangers. *See Ball*, 726 F.3d at 467. Practices that "may prove detrimental . . . over time," such as poor care for arthritis, also "do not represent imminent dangers," as the harm is not "about to occur at any moment." *Id.* at 468 (quoting *Abdul-Akbar*, 239 F.3d at 315) (internal quotation marks omitted). Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger. *Id.*

None of Pew's allegations plausibly suggest that he was in imminent danger of serious physical injury, as is required by § 1915(g). Pew purchased the cable nearly a year and a half ago. This does not constitute a threat of imminent or prospective danger. *See Barnes v. Mercer Cty. Correction Ctr.*, Civ. A. No. 11-3554, 2011 WL 2971770, at *2 (D.N.J. July 20, 2011) (finding no imminent danger presented by the plaintiff's prior purchase of damaged goods from the prison commissary). Even if Pew's continued use of the cable could prove to be "detrimental . . . over time," this does not constitute imminent danger. *Ball*, 726 F.3d at 468. Finally, there is nothing stopping Pew from discarding the cable and removing any risk of harm. Pew "may not claim that he is in imminent danger of serious physical injury when the alleged danger is a result

of his own doing." *Brown v. President & CEO of Prison Health Servs., Inc.*, Civ. A. No. 11-7935, 2012 WL 926146, at *3 (E.D. Pa. Mar. 16, 2012) (denying motion for *in forma pauperis*); *see also Brown v. City of Philadelphia*, Civ. A. No. 05-4160, 2009 WL 1011966, at *12 (E.D. Pa. Apr. 14, 2009) ("No plaintiff should be able to state a claim of imminent danger if the plaintiff is responsible for placing himself in danger.").

Since Pew is a "three-striker" who is prohibited from proceeding *in forma pauperis* unless he is in imminent danger of serious physical injury at the time of filing, and since he was not in imminent danger when he submitted his Complaint, the Court will require him to pay the fees to commence this civil action.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Pew's Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(g). Should Pew desire to litigate his claims, he must pay the full filing fee in advance. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sanchez
**JUAN R. SÁNCHEZ, C.J.**